ALONSO SOBRINO HERMANOS & Co., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; R. BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 81. Argued May 20, 1946.—Decided January 31, 1947.

Dubón & Ochoteco and Otero Suro & Otero Suro for petitioner. Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, former Attorney General, on the brief), and J. B. Fernández Badillo, attorney of the Department of Justice, for intervener, respondent in the main proceeding.

Mr. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

This is a certiorari proceeding instituted by Alonso Sobrino Hermanos & Co., a commercial partnership, against the Tax Court to review a decision rendered by the latter on December 12, 1945, in an income tax case.

Before considering and deciding the questions raised in this litigation, it is advisable that we make a summary of the facts involved.

The petitioner is a mercantile partnership with its principal office at San Juan, Puerto Rico, where it is engaged in the dry-goods wholesale business. In or about 1936 it had several branches in various towns of the Island which it supplied solely and exclusively with merchandise from its main warehouses at San Juan. In order to control the business of said branches, the petitioner opened a current account for each of them in the books kept in its principal office, and in that account all the merchandise withdrawn by each from the main warehouses was charged. Said merchandise was invoiced and charged at 150 per cent of its original cost delivered at the main warehouses of the petitioner. The 50 per cent overcharge represented, in part, 20 per cent of the original cost to cover the expenses of each branch and, in part, 30 per cent of the original cost as estimated profit. The branches sold the merchandise to the public at 150 per cent of the original cost, that is, at the same price invoiced and charged to them by the petitioner, and remitted to the main

office, daily or weekly, the proceeds of the sales made to be credited to their respective current accounts. At the end of the taxable year, on December 31, 1936, the inventories of the branches showed a balance of $100,756.33.

The petitioner filed in due time its income tax return for the year 1936. On January 5, 1944, the Treasurer of Puerto Rico notified it of a deficiency amounting to $3,368.14. After the holding of an administrative hearing, the Treasurer finally determined the deficiency in the sum of $3,380, whereupon the petitioner filed a complaint in the Tax Court of Puerto Rico, alleging, in brief: (1) That the Treasurer had erroneously refused to deduct the salary paid to its managing partners; and (2) that in readjusting the inventories of the branches of the petitioner in order to determine the cost of the merchandise held by the branches at the end of the taxable year 1936, the Treasurer erroneously used as a basis (coeficiente) 30/130 of $100,756.33 (value of the merchandise on hand in said branches on December 31, 1936, at the price it was invoiced by the main office) instead of using the basis of 50/150 of that amount, which is the proper one for determining the true cost of said merchandise.

After a hearig was held, the Tax Court rendered a decision dated October 31, 1945, dismissing the complaint in all its parts. A reconsideration was requested, whereupon the Tax Court reconsidered its prior decision and rendered another on December 12, 1945, granting the petitioner a deduction for the salaries paid by it to its managing partners José Español Lomba ($3,600) and Ramón Alonso Sobrino ($3,600) and the sum of $1,000 in lieu of the $4,800 claimed in the income tax return as salary of the partner Manuel Alonso Sobrino. As to the readjustment of the inventories of the merchandise on hand in petitioner's branches, it held that in order to determine the cost thereof, the computation basis (coeficiente) 30/150 of $100,756.33 should be used instead of the basis of 30/130 applied by the Treasurer of Puerto Rico or that of 50/150 claimed by the petitioner.

Feeling aggrieved by that decision, the petitioner instituted the present proceeding for review, and it, urges that the Tax Court erred:

1. In denying $3,800 from the item of $4,800 appearing in its return which the petitioner claimed to have paid to its partner Manuel Alonso Sobrino, as salary for the year 1936, for services actually rendered.

2. In readjusting the cost of the merchandise on hand in the branches of the petitioner, according to the inventory of December 31, 1936, by using as a basis for calculation 30/150 of $100,756.33 instead of 50/150 of that amount, which is the correct basis for determinig the real cost of the said stock of merchandise.

We will discuss the errors assigned in the same order in which they are stated above.

■ The petitioner contends that the Tax Court erred in disallowing the sum of $3,800 as a part of the item of $4,800 which it claimed as a deduction in its tax return and which it paid to its partner Manuel Alonso Sobrino as salary for the year 1936 for services actually rendered. The petitioner bases its contention on § 32 of the Income Tax Act of 1924 (Laws of 1924, p. 400), as amended by Act No. 30 of 1932, and on the case of *F. Bacó Soria & Hermano* v. *Tax Court*, 64 P.R.R. 84, in which we held that a partnership is entitled to deduct from its gross income a reasonable amount paid to its members for personal services actually rendered to the partnership. According to the law and adjudicated cases, in order to justify and be entitled to the deduction in question, the following requisites are indispensable: (1) that the amount paid to the partner for personal services be a reasonable one, and (2) that such services have actually been rendered to the partnership. The party requesting this privilege granted by law should convincingly prove the existence of the above requisites. Has the petitioner done so? There is no controversy as to the first of

said requisites; but there is as to whether or not the services were actually rendered to the partnership. We have before us the testimony of the witness Manuel Alonso Sobrino, to which we have given due consideration, and in our judgment, neither that nor any other testimony has satisfactorily proved that the sum of $3,800 paid by the petitioner to its partner Manuel Alonso Sobrino was for services actually rendered Therefore, the petitioner was not entitled to deduct that sum from its return for the purpose of determining the income subject to tax for the year 1936.

■■ In support of its second assignment, the petitioner urges that the Tax Court erred in readjusting the inventories of the branches at the end of 1936 by using the basis (*coeficiente*) of 30/150 of $100,756.33 instead of coefficient 50/150 of that amount, as claimed by the petitioner. The controversy between the litigants herein regarding this point arises from the accounting method or system used by the petitioner for its branches. We have already explained the functioning of that system between said branches and the main establishment. The latter opened in its books a current account for the former in which it charged all the merchandise taken by the branches and invoiced it at 150 per cent of its original cost. Subsequently, when the branches sold the merchandise they remitted to the main office the proceeds thereof, which were credited in their respective accounts. At the end of the year, the difference between the amount charged for the merchandise taken and the amount credited to them in the main office represented the merchandise on hand in said branches, including the 50 per cent overprice of said merchandise. Since this was the situation, it was necessary to make a readjustment in order to determine the true value or cost of the merchandise on hand in the branches. There is no dispute as to the fact, expressly accepted by the parties, that $100,756.33 was the total cost or gross value of the merchandise on hand in the branches on December 31, 1936. The

controversy arises only as to the method to be followed in readjusting that inventory of $100,756.33, in order to determine the true cost of the merchandise on hand in the branches at the end of the taxable year 1936.

As we have already stated, and as appears from the pleadings and the proofs which the Tax Court had before it, the petitioner added and charged to the branches in its books, 50 per cent of the original cost of the merchandise, so that the value of the merchandise on hand in the branches represented 150 per cent of said cost. It also appears that the 50 per cent overcharge included 20 per cent to cover all the expenses of the branches, for salaries, rents, transportation, care, operation, etc., which expenses were paid by the main office, and the remaining 30 per cent represented the profits accruing to the firm.

The Tax Court held that the cost of the merchandise on hand was represented by 100 per cent, the invoice price of the merchandise sent from the main office, plus 20 per cent charged to said branches, which charge covered, according to the evidence, all kinds of expenses of said branches, including salaries, rents, transportation, care, operation, etc. We do not agree with the findings of the Tax Court. Although the accounting system of the petitioner is not a model of perfection, we can not agree that the expenses incurred by the branches for the payment of salaries, rents, care, operation, etc., may be added to the invoice price of the merchandise in order to determine its true cost. These are ordinary expenses of a business which have no connection whatsoever with the actual cost of the merchandise. As Mertens states in his work The Law of Federal Income Taxation, vol. II, § 16.17:

*Treatment of Transportation and Other Expenses.* Transportation and other necessary charges incurred in acquiring possession of the goods are a factor of cost and may be added thereto, but

expenses incurred for purposes other than to acquire possession of the goods are ordinary and necessary expenses of the taxpayer deductible as such. . . .."

In order to ascertain the true cost of the merchandise on hand in the branches, a simple arithmetical operation suffices. Let the transportation expenses of the merchandise from San Juan to the branch be ascertained, and then add to the result the cost of the merchandise placed in San Juan.

The decision sought to be reviewed should be modified as to the latter particular, and the case remanded in order that the Tax Court, upon proper evidence, may determine the true cost of the merchandise on hand at the branches, in accordance with the terms of this opinion.